[No. 498. Decided June 24, 1892.]

NELLIE M. SCURRY, BESSIE J. LEWIS, EDWARD L. TERRY, CHARLES T. TERRY AND MARY C. KITTENGER, *Appellants*, v. W. M. JONES, WALTER COLLINS AND JOHN DUNHAM, *Respondents*.

PUBLIC LANDS—VOID PATENT—CONFIRMATION BY STATE.

The disclaimer by the state (Const., art. 17, § 2) of "all title in and claim to all tide, swamp and overflowed lands patented by the United States," while not in terms confirmatory of titles so acquired, is substantially a grant to the patentees of the interest of the state in such lands.

*Appeal from Superior Court, King County.*

Action by Nellie M. Scurry and others against W. M. Jones and others to recover possession of certain land situate below the line of ordinary high tide, but within the government meander line, in part of the original donation grant to D. S. Maynard and wife. The plaintiffs are the heirs of Maynard's grantee of such lands. From a judgment of non suit, plaintiffs appeal.

*J. C. Haines*, and *Hughes, Hastings & Stedman*, for appellants.

*I. M. Hall*, for respondent Jones.

The opinion of the court was delivered by

Hoyt, J.—This was an action in the nature of ejectment. The plaintiffs' evidence showed that they held under the patentee from the United States. Their testimony also showed that, although the lands sought to be recovered were within the calls of the patent under which they held, they were situated between the line of ordinary high and low tide, in Elliott Bay. Upon this appearing, the court below rendered a judgment of non-suit against the plaintiffs.

The only question presented for our consideration is as
to the nature of the title to lands so situated, which the
United States have, in form at least, conveyed by patent.
It is contended on the part of appellants, that, by virtue
of the patent, and of the action of the State of Washing-
ton in the adoption of its constitution, their title to the
lands in question became perfect.   On the other hand, it is
contended that the action of the United States authorities
in assuming to patent land so situated was absolutely null
and void.   And that the disclaimer in the state constitution
could, therefore, have no effect in favor of the patentees, or
those holding under them.   If the position of respondents
in relation to the effect of patents upon lands situated below
the line of ordinary high tide be conceded, it does not fol-
low that the disclaimer, on the part of the state in its con-
stitution, could have no effect.   The language of § 2 of art.
17 is that " the State of Washington disclaims all title in
and claim to all tide, swamp and overflowed lands patented
by the United States; provided the same is not impeached
for fraud," and fairly construed, we think it must be held
to have, in effect, confirmed the patents which covered such
lands.   For, while it is true that the language used is not
in form confirmatory, yet, when we take into consideration
the situation of affairs, and the object to be accomplished
by such disclaimer, we do not see how this object can be
given force without construing the language used as sub-
stantially a grant to the patentees of the interest of the
state in the land so situated.   Under the law, as conceded
by both parties, the lands had passed absolutely to the
state, subject only to such clouds thereon as were caused
by the same having been assumed to have been granted to
private individuals by the United States.   Under such cir-
cumstances, if the state disclaims all of its title to such
lands, where the patents had been obtained without fraud,
it certainly was for the benefit of someone, and it clearly

could not have been for the benefit of the United States. And as the state, in the section immediately preceding this, had asserted its title to all such lands, whether occupied or unoccupied, which had not been thus patented, it seems clear to us that the evident intent of the disclaimer was to ratify the action of the United States in the issuance of such patents. In our opinion, the interest of the state passed as fully to the grantees in such patents, or to those holding under them, as it would have done had there been express words of grant used in the constitution. Any other interpretation of the language used would deprive it of any beneficial force whatever.

The judgment of the court below must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

ANDERS, C. J., and SCOTT, STILES and DUNBAR, JJ., concur.