[ No. 671.  Decided December 23, 1892.]

THE STATE OF WASHINGTON, *on the relation of P. S. Battersby et al., Appellants*, v. THE BOARD OF TIDE LAND APPRAISERS OF WHATCOM COUNTY, F. N. BARNEY, B. W. LORING, AND J. W. ROMAINE, *Respondents.*

### PUBLIC LANDS — DONATION CLAIM — DESCRIPTION.

Under the Oregon donation act of congress a donation claimant was entitled to have the exterior boundary lines of his claim run to suit himself without reference to section lines; and when the exterior boundaries of such claim had been surveyed and approved by the proper authority, the fact that a reference to certain sections is made in the patent cannot control the courses and distances which had been established for the express purpose of furnishing a proper description to be set forth in such patent.

*Appeal from Superior Court, Whatcom County.*

*Bruce & Brown*, for appellants.

*Cole & Romaine, Black & Leaming*, and *Stratton, Lewis & Gilman*, for respondents:

The true inquiry of the court is: What land was intended to be described? What land was in fact described? Where were the lines actually run upon the ground by the surveyor? 2 Devlin, Deeds, §§ 835, 836. The lines actually run and monuments erected are facts; the field notes, courses, distances, quantity and patent are but descriptions which are evidences of the fact and serve to assist in ascertaining the fact. *McClintock v. Rogers*, 11 Ill. 279; *Sawyer v. Cox*, 63 Ill. 130; *Bauer v. Gottmanhausen*, 65 Ill. 499; *Van Wyck v. Wright*, 18 Wend. 157; *Mahon v. Richardson*, 50 Cal. 333; *McIver's Lessee v. Walker*, 9 Cranch, 173.

The opinion of the court was delivered by

HOYT, J.— It is conceded by appellant that if the calls in the patent of the donation claim are to prevail, this case

comes within the case of *Scurry v. Jones*, 4 Wash. 468 (30 Pac. Rep. 726), and that under the rules established by the decision in that case the decision of the court below must be affirmed.

It is contended on its behalf, however, that the calls in this patent cannot prevail; that it must be held that they are controlled by the reference in said patent to the sections of which said donation claim forms a part; that the government survey of such sections and the plat thereof must be considered as having been imported into the description contained in the patent; and that since by said patent it is stated that said donation claim is a part of the sections above referred to, the calls of the patent must be confined within the limits of such sections, and that the lines which would, if run in accordance with the calls of the patent, extend beyond the exterior lines of said sections, must be by such reference stopped at such exterior lines.   On the other hand, it is contended by respondents that the calls of the patent are not at all controlled by the reference therein to said sections.

The general rule that reference to a plat or map in a deed of conveyance makes it a part thereof is well settled.   It is also well settled that when it becomes thus incorporated into the deed, all of the lines thereof have the same effect as monuments, in controlling the courses and distances therein set out; and if the question we are now considering comes within this rule, the contention of the appellant must prevail.

As we look at the description in this patent, however, it seems to us to be clearly distinguishable from those to which said general rule applies.   It is true that it is stated therein that the claim is a part of certain sections.   But when we look at the nature of the claim and of the methods by which the calls of the patent have been determined, it seems to us that such bare reference can have no such force

as to make the lines of said sections control the description, when the same conflict with the courses and distances set out in such patent.

The lines of a section are determined from a survey thereof made and approved by the proper authority. The lines of these donation claims are also established by a survey approved by the same authority. To hold that the lines thus approved for the special purpose of establishing the courses and distances, to be set out in the patent, should be controlled by those established by like authority for the more general purpose of showing the boundaries of sections, would be contrary to well settled rules of construction. The donation claimant was entitled to have the exterior boundary lines of his patent run to suit himself, without any reference whatever to section lines; and when the exterior boundaries of such claim had been so run and approved by the proper authority, the fact that a reference to certain sections is made in the patent cannot control the courses and distances thus established, for the express purpose of furnishing a proper description to be set forth in the patent.

In the case at bar, the donation claimant was entitled to 160 acres of land. He procured a survey which covered that amount. The lines run were such as he had a right to have established, and it cannot be held that by the statement in the patent, by the officers of the government, that the land so described was a part of any section, he could be deprived of such a part of the land thus described as was outside of the exterior boundaries of such section. In our opinion the patent must be construed as covering that part contained within the calls thereof outside of the section lines, as well as the part within such sections.

Several other questions were raised by the respondents as reasons why the decision of the lower court should be

affirmed, but the conclusion to which we have arrived as to this vital one renders it unnecessary for us to decide them.

The judgment of the lower court must be affirmed.

ANDERS, C. J., and DUNBAR, STILES and SCOTT, JJ., concur.

### ON PETITION FOR RE-HEARING.

HOYT, J.—If the vehement assertions contained in the petition for re-hearing filed in this cause be stricken therefrom, it will contain nothing additional to the argument in the brief upon which the cause was decided. And, as we are satisfied with our decision, it follows that the petition for re-hearing must be denied. In doing so, however, we desire to sound a note of warning for the benefit of counsel as to language which is frequently found in such petitions. In this case, counsel make use of the following language:

"The rule announced by this court in its opinion, if that opinion is permitted to stand, strikes at the heart of all authority, overrules all principles of construction and establishes an arbitrary system that can neither be followed with safety nor looked to with confidence."

Vehement declarations like this prove nothing, and are so far out of place in a communication by an attorney addressed to a court that it would be justified in striking the paper, in which they were contained, from the files without any consideration thereof upon the merits. And even a more severe penalty might well be imposed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.