DECIDED IN

# THE SUPREME COURT

OF THE

## STATE OF WASHINGTON.

[No. 2044. Decided February 15, 1896.]

MYRON J. COGSWELL, *Respondent*, v. WILLIAM T. FORREST, *Commissioner of Public Lands, et al., Appellants.*

TIDE LANDS—PATENT BY UNITED STATES—DISCLAIMER OF TITLE BY STATE.

Under §2, art. 17, of the constitution, providing that "The State of Washington disclaims all title in and claim to all tide, swamp, and overflowed lands patented by the United States," unless impeached for fraud, the state can assert no title to patented tide lands although lying below the line of ordinary high tide.

Appeal from Superior Court, Pierce County—Hon. EMMETT N. PARKER, Judge. Affirmed.

*W. C. Jones*, Attorney General, and *James A. Haight*, for appellants.

*Parsons, Corell & Parsons*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this action shows that the plaintiff was the owner under a patent from

the United States of certain lands specifically described in the complaint. The land is described in the official plat of the survey returned to the general land office by the surveyor general pursuant to the provisions of an act of congress of the 24th of April, 1820. This particular land is described in said plat and survey and field notes accompanying the same by courses and distances. The defendants platted and appraised a part of the lands described in said patent, claiming the same as the property of the State of Washington, and threatened to offer the same for sale as such, and the plaintiff seeks to have said commissioners restrained and enjoined from so doing, contending that thereby a cloud will be created on his title under said patent. To this complaint the defendants filed a general demurrer. The demurrer was overruled by the trial court, and a judgment entered in accordance with the prayer of the complaint. The complaint shows that the land in controversy was within the calls of the patent and was situated below the line of ordinary high tide, but within the meander line. It is contended by the appellants that the meander lines run along the shores of bodies of water by United States surveyors are not lines of boundary, but lines run merely to locate the shore line and determine the area of the upland from which the price is computed, and that the body of water along which the meander lines are run is the true boundary; and that in this state the boundary line of lands adjoining tidal waters is that prevailing at common law; to wit, mean high water mark.

The appellants cite many cases to sustain their contention, but we think there are none of them in point. We do not question the general rule in this respect,

but that rule has been changed by § 2 of art. 17 of the constitution, which provides that —

"The State of Washington disclaims all title in and claim to all tide, swamp, and overflowed lands patented by the United States: *Provided*, The same is not impeached for fraud."

This question, we think, was virtually before this court in the case of *Scurry v. Jones*, 4 Wash. 468 (30 Pac. 726), and there decided adversely to appellants' contention. This is tide land patented by the United States and it is not impeached for fraud, and no matter whether the meander line or the body of water along which the meander line runs is the true boundary. The boundaries of this particular tract of land are settled by the grant in the plat and field notes. The land was granted according to the official grant of the survey of such lands, and the plat itself and its notes, lines and descriptions become a part of the grant or deed by which they are conveyed as much as if the description was written out on the face of the deed itself. See *Cragin v. Powell*, 128 U. S. 691 (9 Sup. Ct. 203). The constitutional convention of this state, with a commendable sense of honor, thought it but simple justice to disclaim title to all tide lands patented by the United States without regard to the technical right of the general government to convey the same, and there is nothing in the language of the constitution that would indicate that the convention intended to make any distinction between lands which had been patented through the medium of the donation act, and those which had been patented under the pre-emption or commutation acts, or even of private entry. The principle involved in this case, we think, was identical with the principle involved in

*Scurry v. Jones, supra,* and the judgment will therefore in all respects be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.