[No. 10711.   Department Two.   April 2, 1914.]

JOHN WILSON, *Appellant*, v. J. S. PRICKETT *et al.*,
*Respondents.*[1]

NAVIGABLE WATERS—WHAT CONSTITUTES. A stream is not naviga-
ble, in contemplation of Const., art. 17, § 1, vesting the title to the
beds and shores of all navigable waters in which the tide ebbs and
flows, where it merely appears that, for some distance, the tide
ebbs and flows, and that, on various occasions, tug boats and small
craft had gone up and down the stream at high tide for the purpose
of towing logs.

WATERS AND WATER COURSES—BEDS OF STREAM—TITLE.   Under
Const., art. 17, § 2, disclaiming all title to tide and overflowed lands
patented by the United States, the title to the bed of a nonmean-
dered nonnavigable stream, over which the tide ebbs and flows,
passed to a railroad company under a United States grant of the
upland on both sides of the stream, prior to the admission of the
state, although the patent did not issue until thereafter.

FISH—FISHING LOCATIONS—BEDS OF STREAM PRIVATELY OWNED.
Injunction will not issue to protect a set net location in a non-
meandered nonnavigable stream, the title to the bed of which is
vested in the owner of the upland, when the set net cannot be
maintained without driving piles in the bed of the stream and no
right to maintain it is shown.

Appeal from a judgment of the superior court for Pacific
county, Rice, J., entered January 18, 1912, dismissing an
action for equitable relief as to a fishing location, after a
trial to the court.   Affirmed.

*John I. O'Phelan*, for appellant.

*Fred M. Bond* and *Welsh & Welsh*, for respondents.

CROW, C. J.—Prior to the commencement of this action,
plaintiff maintained a fish net in the Palix river, in Pacific
county.   It is conceded that the tide ebbs and flows at the
point where the net was maintained, and that the stream was
not meandered.   Defendants, as lessees of the Northern Pa-
cific Railway Company, claimed the right to the possession

[1]Reported in 139 Pac. 754.

of the stream, including its bed, at the point where plaintiff has heretofore maintained his net. The Northern Pacific Railway Company acquired title to the upland on both sides of the stream, under a railroad grant from the United States, prior to the admission of the state, although a patent was not issued in pursuance of such grant until the year 1892. Defendants, claiming title to the bed of the river as lessees, commenced the construction of a fish trap near plaintiff's set net, thereby rendering it practically useless. Thereupon, plaintiff brought this action to restrain defendants from constructing their fish trap. From a judgment denying any equitable relief and dismissing the action, plaintiff has appealed.

One question involved is whether the Palix river is a navigable stream, under the constitution and laws of this state. Section 1 of art. 17, of the state constitution, reads as follows:

"The state of Washington asserts its ownership to the beds and shores of all navigable waters in the state up to and including the line of ordinary high tide in waters where the tide ebbs and flows, and up to and including the line of ordinary high water within the banks of all navigable rivers and lakes: Provided, That this section shall not be construed so as to debar any person from asserting his claim to vested rights in the courts of the state."

The only evidence before us as to the navigability of the Palix river at the point involved consists of affidavits introduced on behalf of appellant, which in substance state that, for some distance above respondents' land, the tide ebbs and flows, and that on various occasions tug boats and other small craft have gone up and down the stream on high tide for the purpose of towing logs. It may be conceded that the stream is navigable for transporting timber products; but, under the evidence, we are unable to conclude that it is otherwise navigable in the ordinary sense of the term, or in contemplation of law. In *Watkins v. Dorris*, 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199, we said:

"The court finds Elochoman creek to be a short stream, eighteen miles in length, with an average width of one hundred feet, and a depth of about three feet, and that the stream can, during annually recurring freshets, be used profitably for the floating of logs to the Columbia river to market, and that it has been so profitably used for the last twenty-five years. The stream must therefore be held to be a public highway for the purpose of floating logs and timber to market. Being a public highway for such purpose, what are the relations of the land owner to the stream? Thomas Dorris is the owner of the land on both sides of the stream. If such a stream as this is included in the provisions of § 1, art. 17, of the constitution of Washington, then the state is the owner of the bed of the stream below ordinary high water mark. We do not believe, however, that the said constitutional provision was intended to include streams of the character of this one, but only such as are navigable for general commercial purposes. This stream is of such a character that its use as a public highway is restricted to one purpose, viz., that of floating logs or timber; and we think a distinction must be drawn between such streams and those which are highways for general trade and commerce. The title to the bed of the stream, therefore, passed from the government to the land owner, but it is subject to the right of the public to use the stream for floating logs and timber."

The bed of that portion of the Palix river where appellant claims the right to maintain his fish net, without interference from respondents, belongs to respondents' lessor, the Northern Pacific Railway Company, as the stream is not meandered and is nonnavigable in the ordinary sense of the term. The bed of the stream consists of tide lands granted to respondents' lessor by a railroad grant prior to the adoption of the constitution of this state. The title to the tide land thus constituting the bed of unmeandered and nonnavigable stream therefore was granted to, and passed to respondents' lessor under the provisions of § 2, art. 17, of the state constitution, which reads as follows:

"The state of Washington disclaims all title in and claim to all tide, swamp, and overflowed lands patented by the

United States: Provided, The same is not impeached for fraud."

See, also, *Scurry v. Jones*, 4 Wash. 468, 30 Pac. 726; *Cogswell v. Forrest*, 14 Wash. 1, 43 Pac. 1098; *Bleakley v. Lake Washington Mill Co.*, 65 Wash. 215, 118 Pac. 5.

This disclaimer of the constitution applies to lands granted to a railroad corporation prior to the admission of the state, although patents therefor did not issue until after such admission. *Kneeland v. Korter*, 40 Wash. 359, 82 Pac. 608, 1 L. R. A. (N. S.) 745. The record shows that the appellant cannot maintain his fish net at the point involved without driving piles in the bed of the stream, or otherwise affixing his net to the bed of the stream. This he has no right to do. There is nothing in the record indicating that he has any right to maintain his set net at the point in controversy, or that he is entitled to any relief against respondents.

The judgment is affirmed.

FULLERTON, MORRIS, ELLIS, and MAIN, JJ., concur.