[No. 21772. Department Two. May 2, 1929.]

*In re* MARTHA LAKE WATER COMPANY No. 1.

MARTHA LAKE WATER COMPANY No. 1, *Appellant,* v. O. F. NELSON *et al., Respondents.*[1]

*Bell, McNeil & Bowles,* for appellant.

*Stratton & Kane* and *Elmer W. Leader,* for respondents.

[1]Reported in 277 Pac. 382.

MAIN, J.—The Martha Lake Water Company, a corporation, applied to the state supervisor of hydraulics for permission to appropriate a certain quantity of the water of Martha lake for the purpose of irrigation and domestic use upon non-riparian land. The supervisor of hydraulics granted the permit to take the quantity of water applied for from the lake, for a period of three years. A number of persons owning property bordering on the lake, with riparian rights, appealed to the superior court, where a trial was had before the court without a jury. The court made findings of fact and conclusions of law, and entered a judgment enjoining and prohibiting the water company from lowering the water in Martha lake until it should acquire the right so to do by eminent domain. The appeal is from this judgment.

Martha Lake Water Company is the appellant. A number of persons owning property riparian to the lake are the respondents.

Martha lake is a small, narrow body of water, covering an area of approximately fifty-nine acres, and is non-navigable. Its average depth is about twenty feet. It is located approximately twelve miles from the city of Everett, and about twenty miles from Seattle. Some years ago, the then owner or owners of the property to the north, west and south of the lake, platted the same into small tracts, much of which has been sold to individual owners. The tracts riparian to the lake were sold for one thousand dollars per acre, the non-riparian land for three hundred dollars per acre. The riparian owners purchased their property because of its access to the water for bathing, boating, swimming, fishing and for summer homes. A number of summer homes and summer resorts have been constructed by riparian owners. The riparian land is chiefly valuable for the purposes mentioned. It is not valuable for agricultural

purposes. If the permit granted the appellant by the supervisor of hydraulics were sustained, it would lower the water in the lake approximately twelve inches below mean low water mark during the dry season. The effect of this lowering would be that the water's edge would recede from eight to fifty feet. This would be a material and substantial damage to the riparian owners.

The question is whether the appellant has the right to appropriate the waters of the lake to be used upon non-riparian land, when, by so doing, it would cause the water of the lake to recede and materially damage the riparian property owners, without first having acquired the right so to do by an eminent domain proceeding.

In *Brown v. Chase,* 125 Wash. 542, 217 Pac. 23, it was held that water of a non-navigable stream might be appropriated for use upon non-riparian land, providing it did not interfere with the use that the riparian owner was then making of the water or which he would use within a reasonable time for irrigation or domestic purposes. The question there involved was the ownership of the water, which is a different question from that before us at the present time.

The case of *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114, followed *Brown v. Chase, supra,* and applied the doctrine of that case to a non-navigable lake. There was not there involved any question of damages to the riparian proprietor by reason of the lowering of the water in the lake.

The cases of *State v. American Fruit Growers,* 135 Wash. 156, 237 Pac. 498, and *Hunter Land Co. v. Laugenour,* 140 Wash. 558, 250 Pac. 41, so far as they have any applicability, merely follow the two previous cases.

The constitution of this state (§ 16 of art. I) provides that:

"No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, . . ."

In the present case, the lowering of the waters of Martha lake would materially and substantially damage the riparian owners. The water's edge would recede, and land which was covered with water at the time of their purchase would become dry land. Under the constitutional provision cited, before their land can be thus damaged they are entitled to compensation.

In *Madson v. Spokane Valley Land etc. Co.,* 40 Wash. 414, 82 Pac. 718, 6 L. R. A. (N. S.) 257, the plaintiff was a riparian proprietor upon the arm of a lake. The defendant constructed a dam across the outlet of the lake into this arm for the purpose of impounding the waters thereof, to be used for irrigation and domestic purposes upon non-riparian land. It was there held that the defendant would be restrained from thus interfering with the waters in the arm of the lake without first having acquired the right so to do by eminent domain. Speaking with reference to riparian rights it was there said:

"These rights are presumed to be valuable rights. They may have been the principal considerations for the purchase of the land from the government. These rights can only be taken away when necessary for a public use, upon due consideration."

It is true that the lake involved in that case was navigable, but, owing to the peculiar facts there present, the same rule was applied as to a non-navigable lake.

In *Longmire v. Yakima Highlands Irr. & L. Co.,* 95 Wash. 302, 163 Pac. 782, it was held that the defendant would be restrained from impounding the waters of a

non-navigable stream for use upon non-riparian land, which impounding would interfere with the annual flood waters which irrigated the land of a riparian proprietor. In the course of the opinion it was said:

"No authority has been cited, and we think none can be found, which would sustain a proposition that an upper riparian owner could divert or arrest the flow of waters in a stream for use upon non-riparian land, to the substantial injury of a lower riparian owner, without making compensation."

The two cases last cited were not overruled or modified by either *Brown v. Chase* or *Proctor v. Sim, supra.* In fact, in *Brown v. Chase,* the right of a riparian owner to complain is distinctly recognized where such owner will be substantially damaged by the diverting of water for use upon non-riparian land. The question in *Brown v. Chase* and *Proctor v. Sim* only went to the ownership of the water. The question in the present case is different and involves, not the ownership of the water in Martha lake, but the right of a riparian proprietor to complain when the waters of that lake are sought to be lowered to his substantial and material damage. The appellant has no right to thus damage the riparian proprietors upon the lake without first having acquired the right so to do by eminent domain.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, MILLARD, and BEALS, JJ., concur.