[No. 24384. Department Two. December 8, 1933.]

H. F. CHURCH *et al., Respondents,* v. ERLE J. BARNES, *as Director of Conservation and Development, et al., Appellants.*[1]

*The Attorney General, John C. Hurspool, Agnes N. Richmond, John W. Dobson,* and *Rummens & Griffin,* for appellants.

*Dore, Beeler & Haven,* for respondents.

[1]Reported in 27 P. (2d) 690.

BLAKE, J.—The plaintiffs, since 1919, have been the owners of land riparian to Springbrook creek, a stream which has its source in the hills southeast of the city of Renton. In 1908, the city constructed a dam across the creek on property owned by it above plaintiffs', and has ever since diverted water for the use of the municipality. The water so diverted was sufficient for the city's needs until 1931, when it became necessary to enlarge the source of supply. To this end, the city, on May 17, 1931, filed with the state hydraulic engineer an application for a permit to appropriate water from Springbrook creek to the extent of 2.3 cubic feet per second. Notice of hearing of the application was given, as provided by law. No objections having been filed, the supervisor of hydraulics caused an investigation to be made, as a result of which it was found that there was 1.5 cubic feet per second of water going to waste in Springbrook creek. The supervisor, however, granted the city a permit to appropriate 2.3 cubic feet per second, as applied for—"subject to existing rights."

The plaintiffs appealed to the superior court of King county, which entered a decree which provides:

"Now, therefore, by virtue of the law and the premises,

"It is hereby ordered, adjudged and decreed that appellants H. F. Church and May O. Church, his wife, and Roy L. Allen will be materially and substantially injured by the deprivation of use of waters under permit No. 1555 by the Hydraulic Engineer of the state of Washington, and,

"It is further ordered, adjudged and decreed that the defendant-respondent city of Renton be, and it is, hereby enjoined from using the waters under said permit No. 1555 until such time as they have acquired the right by purchase or by condemnation as provided by law."

The city appeals.

As we view it, this appeal involves solely questions of fact. The statute (Rem. Rev. Stat., § 7351) provides:

"The power of the state to regulate and control the waters within the state shall be exercised as hereinafter in this act provided. Subject to existing rights all waters within the state belong to the public, and any right thereto, or to the use thereof, shall be hereafter acquired only by appropriation for a beneficial use and in the manner provided and not otherwise; and, as between appropriations, the first in time shall be the first in right. Nothing contained in this act shall be construed to lessen, enlarge, or modify the existing rights of any riparian owner, or any existing right acquired by appropriation, or otherwise. They shall, however, be subject to condemnation as provided in section 7354 hereof, and the amount and priority thereof may be determined by the procedure set out in sections 7364 and 7377 inclusive hereof."

The permit granted by the hydraulic engineer complied with this section, in that it limited the right of the city to appropriate additional water, "subject to existing rights." No contest is here waged by respondents against the city's right to divert the waters impounded by the dam above mentioned. Their complaint is that the city's diversion of additional water, under the permit, by means of pumps, will so diminish the flow of the stream as to impair their vested rights in the use of the water for domestic purposes.

The issue of fact presents two phases, which, from appellants' point of view, may be stated as follows: (1) That respondents have no vested rights in the waters of the stream, because they had not made any beneficial use thereof; and (2) that, if respondents have vested rights, the additional water taken by the city, under the permit, would not diminish the flow of the stream sufficiently to impair such rights.

The appellants first complain that the court erred in putting on it the burden of proving the affirmative of the foregoing propositions. In the view we take of the evidence, this contention is of no moment, for we think the negative of both propositions is established by a clear preponderance of the evidence.

We shall not undertake to set out the testimony in detail. It will suffice to say that it appears from a clear preponderance of the testimony that respondents, since 1919, had used the waters of the stream continuously for domestic purposes. They had impounded the waters by means of a box, and had piped it to their house. They had run from two to fifteen head of stock on the place and up to two hundred fowl, all of which depended on the stream for drinking water.

It was shown that, by the use of pumps, the city had diminished the flow of the stream to an extent that respondents had to abandon the use of the water for household purposes and connect with the city's water main. There was testimony to the effect that, when the city's pumps were in full operation, the bed of the stream across respondents' land was practically dry.

We are convinced that the respondents have vested rights in the use of the waters of Springbrook creek for domestic purposes, which would be seriously impaired by the diversion of additional water by the city under the permit granted by the hydraulic engineer.

The decree of the trial court was fully warranted under the facts and law *(In re Martha Lake Water Co.,* 152 Wash. 53, 277 Pac. 382), and it will therefore be affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.