[No. 5881. Decided February 23, 1906.]

MARTIN J. KALEZ et al., Appellants, v. SPOKANE VALLEY LAND AND WATER COMPANY, Respondent.[1]

NAVIGABLE WATERS—WHAT ARE. A small lake having an average depth of sixteen feet, upon which there is operated one steamboat and numerous small pleasure boats used mostly for pleasure in the summer season, is navigable.

SAME—RIGHTS OF STATE—IRRIGATION. The state can make any use of the waters or body of a navigable lake, and confer the rights of irrigation therein.

SAME—RIGHTS OF LITTORAL OWNERS. The erection of dams whereby the waters of a lake collected during the winter season months, are retained in the summer for the purpose of irrigation, but which does not raise the waters above the line of ordinary high water mark, does not give rise to any action for damages, where a sufficient amount of water was not withdrawn in the summer time to lower the line below the line of ordinary low water mark.

SAME—VESTED RIGHTS AS AGAINST STATE. Littoral owners upon a navigable lake, who took title from the government prior to the admission of the state, acquire no vested rights that would interfere with the sovereignty of the state over the waters or the land below ordinary high water mark.

Appeal from a judgment of the superior court for Spokane county Kennan, J., entered December 19, 1904, upon findings in favor of the defendant, after a trial on the merits

[1]Reported in 84 Pac. 395.

before the court without a jury, in an action for an injunc-
tion and damages on account of interfering with the waters
of a lake.   Affirmed.

*Robertson, Miller & Rosenhaupt,* for appellants, contended,
among other things, that the Irrigation Company was a tres-
passer, and as such could acquire no rights in the water under
its appropriation.  *Watkins v. Dorris,* 24 Wash. 636, 64 Pac.
840, 54 L. R. A. 199; *Griffith v. Holman,* 23 Wash. 347, 63
Pac. 239, 83 Am. St. 821, 54 L. R. A. 178.  Appellants were
entitled to protection, as riparian proprietors, against unlaw-
ful diminution of the waters of the lake.  *Rigney v. Tacoma
Light & Water Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A.
425; *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 61
Am. St. 912, 39 L. R. A. 107; Angell, Watercourses, § 5;
*Lux v. Haggin,* 69 Cal. 255, 10 Pac. 674; *Sturr v. Beck,* 133
U. S. 541, 10 Sup. Ct. 350, 33 L. Ed. 761; *New Whatcom v.
Fairhaven Land Co.,* 24 Wash. 493, 64 Pac. 735, 54 L. R. A.
190; *Yates v. Milwaukee,* 10 Wall. 497, 19 L. Ed. 984;
*Smith v. Rochester,* 92 N. Y. 463, 44 Am. Rep. 393.  If
the lake is navigable, then, the navigability being interfered
with, an injunction should issue on that ground.  *Monroe
Mill Co. v. Menzel,* 35 Wash. 487, 77 Pac. 813.  The pro-
prietor of a pleasure resort on a lake is entitled to relief
against the diminution of the water thereof.  *Valparaiso City
Water Co. v. Dickover,* 17 Ind. App. 233, 46 N. E. 591;
*Cedar Lake Hotel Co. v. Cedar Lake Hydraulic Co.,* 79 Wis.
297, 48 N. W. 371.

*Allen & Allen,* and *Happy & Hindman,* for respondent,
contended, *inter alia,* that the state owns the navigable waters
within its borders, and the lands thereunder up to and in-
cluding ordinary high water mark.  *Eisenbach v. Hatfield,*
2 Wash. 236, 26 Pac. 539, 12 L. R. A. 632; *Board of Harbor
Line Com'rs v. State ex rel. Yesler,* 2 Wash. 530, 27 Pac. 550;
*McCue v. Bellingham Bay Water Co.,* 5 Wash. 156, 31 Pac.

461; *Allen v. Forrest,* 8 Wash. 700, 36 Pac. 971, 24 L. R. A. 606; *Morse v. O'Connell,* 7 Wash. 117, 34 Pac. 426; *Mississippi Val. Trust Co. v. Hofius,* 20 Wash. 272, 55 Pac. 54; *Seattle etc. Waterway Co. v. Seattle Dock Co.,* 35 Wash. 503, 77 Pac. 845; *Hinman v. Warren,* 6 Ore. 408; *Pollard v. Hagan,* 3 How. 212, 11 L. Ed. 565; *Barney v. Keokuk,* 94 U. S. 324, 24 L. Ed. 224; *Bowlby v. Shively,* 22 Ore. 410, 30 Pac. 154; *Shively v. Bowlby,* 152 U. S. 1, 14 Sup. Ct. 548, 38 L. Ed. 331; *Goodtitle v. Kibbe,* 9 How. 471, 13 L. Ed. 220; *Doe v. Beebe,* 13 How. 26, 14 L. Ed. 367; *Johnson v. Knott,* 13 Ore. 308, 10 Pac. 418; *St. Louis etc. R. Co. v. Ramsey,* 53 Ark. 314, 22 Am. St. 195, 8 L. R. A. 559; *Niles v. Cedar Point Club,* 85 Fed. 45, 29 C. C. A. 5; *Cooley v. Golden,* 117 Mo. 33, 23 S. W. 100, 21 L. R. A. 300; *Railway Co. v. Schurmeir,* 7 Wall. 272, 19 L. Ed. 74; *Washougal etc. Transp. Co. v. Dalles etc. Nav. Co.,* 27 Wash. 490, 68 Pac. 74. The Irrigation Company is authorized by the state to appropriate water, the water belonging to the state; and being a grantee from the state, it can appropriate said waters without compensation. *Monongahela Nav. Co. v. Coon,* 6 Pa. St. 379, 47 Am. Dec. 474; *Monongahela Bridge Co. v. Kirk,* 46 Pa. St. 112, 84 Am. Dec. 527; *Board of Wardens v. Philadelphia,* 42 Pa. St. 209; *Pennsylvania R. Co. v. New York etc. R. Co.,* 23 N. J. Eq. 157; *Stevens v. Patterson etc. R. Co.,* 34 N. J. Eq. 532, 3 Am. Rep. 269; *Langdon v. Mayor of New York,* 93 N. Y. 129; *People v. Canal Appraisers,* 33 N. Y. 461; *Roberts v. Baumgarten,* 110 N. Y. 380, 18 N. E. 96; *Kerr v. West Shore R. Co.,* 127 N. Y. 269, 27 N. E. 833; *Connecticut River Lum. Co. v. Olcott Falls Co.,* 65 N. H. 290, 21 Atl. 1090, 13 L. R. A. 826; *Sage v. New York,* 154 N. Y. 61, 47 N. E. 1096, 61 Am. St. 592, 38 L. R. A. 607; Gould, Waters, §§ 138, 143; Angell, Tide Waters, 80; *Concord Mfg. Co. v. Robertson,* 66 N. H. 1, 25 Atl. 718, 18 L. R. A. 679; *Gibson v. United States,* 166 U. S. 269, 17 Sup. Ct. 578, 41 L. Ed. 996; *Stockton v. Baltimore etc. R. Co.,* 32 Fed. 9; *Hollister v. Union Co.,* 9 Conn. 436,

25 Am. Dec. 36; *Matthiessen etc. Sugar Refining Co. v. Mayor of Jersey City,* 26 N. J. Eq. 247; *Hoboken v. Pennsylvania R. Co.,* 124 U. S. 656, 8 Sup. Ct. 643, 31 L. Ed. 543; *Fay v. Salem etc. Aqueduct Co.,* 111 Mass. 27; *State v. Sunapee Dam Co.,* 70 N. H. 458, 59 L. R. A. 55; Wood, Nuisances, §§ 458, 472; *Brooks v. Cedar Brook etc. Imp. Co.,* 82 Me. 17, 19 Atl. 87, 17 Am. St. 459, 7 L. R. A. 460; *Gould v. Hudson River R. Co.,* 6 N. Y. 522; *People v. Tibbetts,* 19 N. Y. 523; *Tomlin v. Dubuque etc. R. Co.,* 32 Iowa 106, 7 Am. Rep. 176; *Ingraham, Kenedy & Day v. Chicago etc. R. Co.,* 34 Iowa 249; *Ravenswood v. Flemings,* 22 W. Va. 52, 46 Am. Rep. 433; *Hawkins Point Light-House case,* 39 Fed. 77; *Rundle v. Baltimore etc. R. Co.,* 14 How. 80, 14 L. Ed. 335; *People v. St. Louis,* 5 Gilman 351, 48 Am. Dec. 339; *Com'rs of Homochitt River v. Withers,* 29 Miss. 21, 64 Am. Dec. 127; *Black River Imp. Co. v. La Crosse Boom. etc. Co.,* 54 Wis. 659, 11 N. W. 443, 41 Am. Rep. 66; *Wood v. Fowler,* 26 Kan. 682, 40 Am. Rep. 330; *Watuppa Reservoir Co. v. Fall River,* 147 Mass. 548, 18 N. E. 465, 1 L. R. A. 467; *Canal Appraisers v. People,* 17 Wend. 570; *Lansing v. Smith,* 8 Cowen 146; *Hamilton v. Railroad Co.,* 34 La. Ann. 970, 44 Am. Rep. 451; *Escanaba etc. Transp. Co. v. Chicago,* 107 U. S. 678, 2 Sup. Ct. 185, 27 L. Ed. 442. The common law riparian right to the water in its natural condition holds except as against the state or its grantees. *Carl v. West Aberdeen Land etc. Co.,* 13 Wash. 616, 43 Pac. 890; *Lownsdale v. Grays Harbor Boom Co.,* 21 Wash. 542, 58 Pac. 663; *Watkinson v. McCoy,* 23 Wash. 372, 63 Pac. 245; *Cohn v. Wausau Boom Co.,* 47 Wis. 314; *Black River Imp. Co. v. La Crosse Boom. etc. Co.,* and *Stevens v. Paterson etc. R. Co., supra.*

Root, J.—Appellants are the owners of a leasehold interest in certain lands bordering upon Liberty Lake, a body of water a mile and a half long by three quarters of a mile wide, situated in Spokane county, which lake is much fre-

quented as a pleasure resort. Appellants acquired possession, in October, 1903, under a five year lease of the premises, which extend about a mile along the side of said lake, agreeing to pay a rental of $1,000 per year. It was the purpose of appellants to let bath houses, boats, and otherwise contribute to the demands of pleasure-seekers visiting said lake. There was a sandy beach which made the lake especially desirable for bathing. Appellants expended some $5,000 preparing the resort. The land leased to the appellants was patented by the government in 1889 to one Stephen Liberty, from whom the title descended to the lessors of appellants.

The respondent is the successor in interest to one W. L. Benham, who in 1899 took the necessary legal proceedings to appropriate the waters of said lake for irrigation purposes, claiming said waters to the extent of 200 cubic feet per second. Benham and his successors intended said waters to irrigate a tract of land known as Greenacres, situated about ten miles from Spokane. Some 450 acres are now irrigated thereby and it is claimed that 2,000 acres are capable of being irrigated by means of this water. The company has spent some $50,000 in constructing ditches and improving the lands referred to. It appears that there is no other means of irrigating said lands, and that the same would be practically worthless without this water. The respondent has gates and a dam at the place of intake, by means of which it stores the water during the winter months, and thereby increases the amount at its disposal during the summer months when irrigation is needed. Appellants claim that these gates and dam have the effect of raising the water in the lake beyond its normal condition, and thereby injuring their property, and that in the summer time so much water is withdrawn from the lake that their business is materially interfered with, in that the water is so much lowered that much of the sandy beach cannot be used to advantage by bathers, but they are obliged to go further into the lake

where the bottom is stony and disagreeable to walk upon. Appellants pray that respondent may be enjoined from maintaining or constructing any dam for the purpose of manipulating the waters of said lake, and from in any way interfering with said waters, and ask for damages. The trial in the lower court resulted in a judgment of dismissal in favor of respondent. From this an appeal is taken.

Respondent claims, and the court found, that this lake was navigable. Appellants claimed that in this the court was in error. It was admitted that there was operated upon said lake one steamboat, about forty feet in length, being used for the purpose of carrying visitors and pleasure parties about the lake, but carrying no freight other than small packages. There were numerous small pleasure boats upon the lake, used mostly for rowing and fishing by visitors. The lake had a depth at some places of 35 feet, and it was claimed, by appellants that the average depth of water is about 16 feet. Under the former holdings of this court we think the trial court was not in error in adjudging this lake to be navigable. *Madson v. Spokane etc. Water Co.*, 40 Wash. 414, 82 Pac. 718; *Watkins v. Dorris*, 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199; *Dawson v. McMillan*, 34 Wash. 269, 75 Pac. 807. This being true, the state would have the right to make such use of the water or of the bed of said lake as to it would seem proper, and could confer upon this respondent the rights of irrigation sought to be exercised by it, due regard being had to the rights of others. Were it made to appear that the dam or gates erected, or about to be constructed, by the respondent had or would raise the water above the ordinary high water line, and to the injury of appellants' property, the court would doubtless furnish relief. *Carl v. West Aberdeen Land etc. Co.*, 13 Wash. 616, 43 Pac. 890; *Sultan Water etc. Co. v. Weyerhauser Timber Co.*, 31 Wash. 558, 72 Pac. 114; *Monroe Mill Co. v. Menzel*, 35 Wash. 487, 77 Pac. 813.

But in this case the court found, and properly, we think,

that the respondent in retaining the water during the winter months as aforesaid, had not caused the same to raise above the line of ordinary high water mark, and that it had not in the summer time or at any time withdrawn a sufficient amount of water to lower the lake below the line of the ordinary low water mark. These things being true, we think that the respondent has acted within its legal rights and that the appellants have no legal cause of complaint. The latter contended that their grantors, having acquired the property from the government prior to statehood, became endowed with vested rights in and to the use of the waters and shores of said lake upon which their land abutted, and that the constitution and statutes of the state could not curtail those rights. It may be conceded that any vested rights possessed by their grantors and themselves could not be interfered with; but as this is a navigable body of water, the United States government, except for certain purposes in no manner involved here, could not dispose of the land below ordinary high water mark, but would hold said lands for the benefit of the future commonwealth which, upon attaining statehood, would become entitled to sovereignty thereover, and to the control and disposition of the waters, except where disclaimed by section 2, article 17, of the state constitution.

Finding no errors in the judgment of the lower court, the same is affirmed.

MOUNT, C. J., CROW, DUNBAR, HADLEY, and FULLERTON, JJ., concur.