[No. 16941. Department Two. April 10, 1922.]

Robert Ortel *et al., Respondents,* v. J. E. Stone *et al.,*
*Appellants.*[1]

Navigable Waters (1)—Lakes—What Constitutes. A small lake covering forty acres, from ten to fifty feet deep at any point fifty feet from the shore, is a navigable lake, although it has never been used for navigation.

Waters and Water Courses (1)—Appropriation. The water between high and low water mark in a navigable lake is subject to appropriation for irrigation.

Same (10-13)—Appropriation—Priorities—Quantity. The measure of the rights of a prior appropriator who claimed all the waters of a navigable lake for irrigation is the amount of water actually taken and put to a beneficial use, and the same cannot be increased by subsequent needs, as against a subsequent appropriator.

Same (10, 15)—Appropriation—Privity—Changes. A subsequent appropriator of surplus waters in a lake has the right to add and store waters in the lake for his use, subject to prior rights, and under supervision of the hydraulic engineer under Rem. Comp. Stat., § 7396.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered February 8, 1921, in favor of the plaintiffs, in an action to enjoin the use of the waters of a lake for irrigation purposes. Modified.

*W. C. Gresham,* for appellants.
*P. D. Smith,* for respondents.

Hovey, J.—This action involves the right to the use of the waters of Davis Lake, in Okanogan county, Washington. The main lake has an extreme length of three-fourths of a mile, and an average width of about one-eighth of a mile, and is about forty acres in area. At its ordinary stage it is forty or fifty feet deep in

[1]Reported in 205 Pac. 1055.

its deepest place, and its shallowest portion at any
point fifty feet from the bank is about ten feet deep.
It has no visible outlet. Lying to its north is a shallow
arm which dries up at low stage of water. The supply
of water for this lake is chiefly from spring freshets
and from Bear Creek, which has for its tributary
Bowen Creek. Whether these creeks naturally flow in-
to the lake is not made clear from the testimony. Re-
spondents own a considerable body of farming land
which is not riparian to the lake, and have under irri-
gation about sixty-five acres of land, cultivation of
which was commenced some seventeen years prior to
the trial. The first water used by respondents was
taken directly from Bear Creek, and measurements
made by a civil engineer in September, 1919, showed
them to be receiving from this stream directly, sixty-
two hundredths of a cubic foot per second of time, but
respondents assert that they have title to only one-half
of the flow of Bear Creek.

In June, 1903, respondent Robert Ortel and H. E.
Seneff and John M. McCrea posted and filed a notice of
appropriation of fifteen cubic feet per second of time
of the waters of Bowen Creek, and in which notice they
claimed the right to store said quantity of water in
Davis Lake, "with the right to occupy and use said
Davis Lake and the whole thereof for the purposes of
said storage." The testimony shows that McCrea and
Seneff had previously done some work towards secur-
ing water directly from Davis Lake, and on June 24,
1903, filed a notice in the office of the auditor in which
they claimed one million cubic feet of the waters of the
lake for the irrigation of their lands, and thereafter
the three men made a cut in the bank of the lake
through which they diverted water and conveyed the
same to their lands; but McCrea and Seneff used the

water for only one season, and in the year 1911 Seneff conveyed his rights in the waters of the lake and the creeks to the respondent, and a man whom respondent claims was the successor in interest of McCrea made a like conveyance to the respondent. Respondent has been the only user of the water through the cut except for the period mentioned. During the non-irrigating months, respondent causes the waters of Bear and Bowen Creeks to empty into the lake to provide storage for the irrigating season. Respondent has a low dam which keeps the water of the main lake from wasting in the shallow arm during low stages of water.

Appellants own lands bordering upon the lake, upon which they have about seventeen acres of orchard and about fourteen acres of alfalfa. The trees have grown without irrigation, but have now reached the bearing stage where they require irrigation to properly produce fruit. Appellants are undertaking to irrigate their land by pumping from the lake. They first used water from this source during the year 1918, and continued such use in the year 1919, putting into the lake that year water from another source, when the respondents brought this action to enjoin the appellants, claiming that the water which appellants take would so lower the level of the lake that the water would not flow through the intake of respondents' ditch.

The first question to be determined is the character of the lake. Each party contends that the other has shifted his position in this court from that maintained in the lower court.

What the parties call the lake does not fix its character, but the testimony as to the facts will govern. It is not shown that this lake has ever been used for purposes of navigation, but it is plainly of a size and character which would make it suitable for navigation under our decision in *Kalez v. Spokane Valley Land*

*etc. Co.*, 42 Wash. 43, 84 Pac. 395.   Appellants cite
*Neterer v. State*, 98 Wash. 635, 168 Pac. 170, but this
was a case of a shallow lake clearly unsuitable for nav-
igation.

The lake being navigable, the water between high
and low water mark is subject to appropriation. *Kalez
v. Spokane Valley Land etc. Co., supra.* We think the
trial court was right in decreeing to respondents the
prior right to take water from Davis Lake and to use
the same for storage purposes, but we think that the
decree goes too far.   It contains the following:

"Now, therefore, it is hereby ordered, adjudged and
decreed that the plaintiffs, Robert Ortel and Mary
Ortel, his wife, are the owners by prior appropriation
of all the waters of that certain natural lake in Oka-
nogan county, Washington, known as Davis Lake, for
stock, irrigation and domestic purposes, and it is
further ordered, adjudged and decreed that the plain-
tiffs are the owners and in possession of the first and
prior right to store waters in said Davis Lake from
Bear Creek in said Okanogan county up to the ordinary
high water mark of said lake.

"And it is further ordered, adjudged and decreed
that the defendants nor either of them have any right,
title, interest or possession as against these plaintiffs
in or to any part or portion of the waters of said lake
or the right of storage therein below the ordinary high
water mark of said lake."

Respondents did not obtain the absolute ownership
of this entire lake by taking a small quantity of the
contents thereof or by storing additional water therein.
The measure of their rights by appropriation is the
amount of water which they have actually taken and
put to a beneficial use.   The testimony on this point
is not very satisfactory, some witnesses claiming an
inch and a half per acre is needed, while others testified
that one inch is enough.   Respondents express an in-
tention to increase the area of their cultivation, but

considering the length of time that they have been upon their land, they should, as against a subsequent appropriator, be limited to water for the land which they now have under cultivation. For this they have at least thirty-one hundredths of a cubic foot at low stage from Bear Creek, and a measurement made by the same engineer at the same time that Bear Creek was measured showed that the respondents were receiving at the lake sixty-six hundredths of a cubic foot per second of time, and an allowance of one cubic foot per second of time from the waters of the lake would be liberal under the testimony in this case.

The question of the rights of storage cannot be definitely fixed under the testimony in this case, but, the testimony does show that the level of the lake is lowered and raised from two to six feet, furnishing a supply much greater than could be utilized by the use which respondents have heretofore made of the water. Appellants should be permitted to store water in the lake also, and to take from the same what they put in, after proper allowance for evaporation and seepage, and to take from the lake such portion of any surplus water therein as they need, subject to the condition that there must at all times be reserved a sufficient supply to insure the delivery to respondents of one cubic foot per second of time throughout the irrigation period by the appliances now in use when kept in good working order; and in case either party is dissatisfied with the conditions, the hydraulic engineer should be called upon to determine the proper method of operation under the provisions of § 4, p. 144, of the Laws of 1919. [Rem. Comp. Stat., § 7396.]

It is directed that the decree be modified as herein indicated.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.