[No. 16963.  Department Two.  October 24, 1922.]

## E. J. LANT, *Appellant*, v. T. B. WOLVERTON, *Respondent*.[1]

NAVIGABLE WATERS (1)—LAKE—WHAT CONSTITUTES.  It is shown
that a lake is a navigable body of water, on which navigation may
not be obstructed, where it appears that it was about one and three-
fourths miles long and one-half mile wide, of an average depth of
twenty or twenty-five feet, and had been used for many years by
small pleasure craft.

Appeal from a judgment of the superior court for
Lincoln county, Sessions, J., entered June 7, 1921,
upon findings in favor of the defendant, dismissing an
action for an injunction, tried to the court.  Affirmed.

*J. D. Campbell* and *Neil C. Bardsley,* for appellant.

*W. M. Nevins,* for respondent.

MAIN, J.—The plaintiff by this action sought to re-
strain the defendant from interfering with a fence
which he had constructed across one end of a lake.  The
defendant appeared by answer and cross-complaint
and sought a judgment which would establish his right
to navigate the lake free from the obstruction made by
the fence erected by the plaintiff.  The cause was tried
to the court without a jury, and resulted in findings of
fact and conclusions of law sustaining the rights
claimed by the defendant in his cross-complaint.  A
judgment was entered dismissing the plaintiff's action
and perpetually enjoining him from interfering with
the use of the waters of the lake by the defendant.
From this judgment, the plaintiff appeals.

No statement of facts or bill of exceptions has been
brought to this court.  The result is that our inquiry

[1]Reported in 210 Pac. 1.

is limited to a determination of whether the findings support the judgment. The essential facts, as found by the trial court, may be summarized as follows: The appellant holds under Government patent and is in possession of about 400 acres of land in Lincoln county, approximately 200 acres of which is covered by the waters of Pacific lake. The respondent holds under Government patent and is in possession of 240 acres of land, about eight of which is covered by the waters of the lake. Where these two tracts of land join upon the lake, the appellant claimed the right to erect a fence, and was asserting it when he instituted his action in this case. Pacific lake is a body of water about one and three-fourths miles in length and approximately one-half a mile in width, with a depth of from fourteen to thirty-five feet, the average depth being from twenty to twenty-five feet. The lands adjoining it are rough and not of fertile soil. It is not used, nor has it at any time been used, for the purpose of commerce, except that of pleasure craft. There is no obstruction of any kind in it except a small island which does not interfere with its navigation. There are thirty or forty pleasure boats, propelled by oars or motors, used by people who frequent it for the purpose of boating, bathing and fishing, and who have frequented it for many years for these purposes. The waters of the lake are of such width and depth and freedom from obstruction as to enable commerce to be carried upon it. The trial court concluded that it was a navigable body of water, and the judgment entered sustains that theory, and this presents the controlling question upon this appeal. If the lake is navigable, the judgment of the trial court was right and should be sustained. There can be no doubt, under the law as it is established in this state and in other jurisdictions,

that Pacific lake is a navigable body of water. As above stated, it is about one and three-fourths miles in length and approximately one-half a mile in width, and has an average depth of something like twenty or twenty-five feet.

In *Madson v. Spokane Valley Land etc. Co.*, 40 Wash. 414, 82 Pac. 718, 6 L. R. A. (N. S.) 257, it was held that Liberty lake, a body of water averaging about three-quarters of a mile in width, about one and three-quarters miles in length, and of an average depth of eighteen feet, was navigable. There can be no substantial distinction between the facts of that case and those of the present.

It is argued, however, that since the lake has at no time been used for any purpose other than that of pleasure craft and fishing, and in all probability will never be used in a commercial way, it should be held not to be navigable. The test, however, is not whether it has been used for commerce in the past, but whether it is capable of such use. If it has such capacity, it cannot be assumed that it will not sometime be used for that purpose, because only time will tell what its future use will be. The question is determined by capacity and not by use. 29 Cyc. 289; 27 R. C. L. 1308.

In *State ex rel. Cates v. West Tennessee Land Co.*, 127 Tenn. 575, 158 S. W. 746, upon this question it is said:

"And so, if a body of water have sufficient capacity to be legally navigable, this determines its title, *jus privatum*, whether it is being actually used as a highway or not; and, having such capacity, it cannot be assumed it will never be used for navigation, because it cannot be known what time and the progress of the world may bring."

It is not necessary here to determine whether the use of the lake by pleasure boats is such as would consti-

tute commerce, and from this conclude that the lake is commercially navigable. Upon that question no opinion is expressed.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.