[No. 21605. Department Two. July 25, 1929.]

WILLIAM E. BEST, *Respondent*, v. THE STATE OF
WASHINGTON, *Appellant*.[1]

*The Attorney General* and *L. B. Donley, Assistant,*
for appellant.

*Fraser & Rinehart,* for respondent.

PARKER, J.—The plaintiff, Best, commenced this action in the superior court for King county, seeking a judgment quieting his title as against the claim of the state to shore land of Pine lake bordering on, and claimed by him as a part of, the upland owned by him. It is conceded that whether the title to the shore lands of the lake is in the state or in the respective upland owners, depends upon whether or not the lake is navigable; that is, if the lake is navigable, the shore lands bordering thereon belong to the state, while if the lake is not navigable, the shore lands bordering thereon belong to the respective upland owners. The respective

[1] Reported in 279 Pac. 388.

claimed rights of the state and Best here in question are so determinable, unless estoppel against Best stands in the way of his claim of title. The case, being of equitable cognizance, proceeded to trial before the superior court sitting without a jury, and resulted in a judgment in favor of Best, from which the state has appealed to this court.

There is no dispute as to the detail facts touching the question of the lake being navigable or non-navigable. The real problem is, what inference in that behalf must be drawn from the undisputed detail facts, which may be fairly summarized as follows: Pine lake lies in a cup depression upon a high range of hills. It is only two miles from Sammamish lake, which is on the general level of the surrounding country, and yet is approximately 450 feet above that level. The lake is immediately surrounded by rough, logged-off land of very little value; indeed, of practically no value as agricultural land. From the settled portion of the surrounding country, two or more miles distant, the lake has to be approached by going up-hill. It might well be characterized as a "lake upon a hill," though there is considerable rough, higher land immediately surrounding it. It has no visible outlet or inlet. Its extreme length is not over seven-eighths of a mile, while its average width is less than one-quarter of a mile, indeed but very little over one-eighth of a mile, apart from a projecting arm on the southerly side which is very shallow and marshy and of no consequence touching the question of navigability. The extreme ends of the lake are both somewhat shallow and marshy. Aside from these shallow and marshy portions, the water is of considerable depth, and sufficient in that respect to float vessels of commercial size. But this portion of the lake is of an average width of but little over one-eighth of a mile and of a length of less than

three-quarters of a mile. There has never been any commercial transportation upon the lake, and, in view of its small area and natural surroundings, it is little short of inconceivable that there ever will be. There are now upon its shores two summer resorts where a few rowboats are rented for pleasure.

It is contended in behalf of the state that the lake must be held to be navigable under our decision in *Ortel v. Stone,* 119 Wash. 500, 205 Pac. 1055. Davis lake there in question, held to be navigable, was three-quarters of a mile long and one-eighth of a mile wide, and of considerable depth, being more than ten feet deep at all points beyond fifty feet of its shore. It may seem somewhat difficult to distinguish Davis lake there in question from Pine lake here in question as to each being navigable, but we think the peculiar physical situation of Pine lake puts it in the class of non-navigable lakes. The mere renting of rowboats for pleasure is the nearest to navigable use to which Pine lake is ever likely to be put. The question of navigability of small lakes was reviewed at some length in our *En Banc* decision in *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114. Judge Bridges, speaking for the court in that decision, referring to Davis lake, the navigability of which was decided in *Ortel v. Stone, supra,* said:

"We are now of the opinion that we went to the extreme length in holding Davis lake to be navigable, and we now wish to restrict rather than to extend the doctrine of that case, thereby conforming to the Federal rule."

In our late decision in *In re Martha Lake Water Co. No. 1,* 152 Wash. 53, 277 Pac. 382, it was assumed, though not decided as a controverted question, that Martha lake was non-navigable, that lake being approximately the same in area as Pine lake here in question; that is, in so far as floatable area is con-

cerned. In the following decisions of this court, the question of navigability of small streams or lakes was considered in varying aspects. We do not cite them as being directly in point, but refer to the general observations made therein as being in harmony with the conclusion we here reach as to the navigability of Pine lake. *Griffith v. Holman,* 23 Wash. 347, 63 Pac. 239, 83 Am. St. 821, 54 L. R. A. 178; *Dawson v. McMillan,* 34 Wash. 269, 75 Pac. 807; *Madson v. Spokane Valley Land etc. Co.,* 40 Wash. 414, 82 Pac. 718, 6 L. R. A. (N. S.) 257; *Kalez v. Spokane Valley Land & Water Co.,* 42 Wash. 43, 84 Pac. 395; *Wilson v. Prickett,* 79 Wash. 89, 139 Pac. 754; *Neterer v. State,* 98 Wash. 635, 168 Pac. 170. We are of the opinion that the trial court correctly decided that Pine lake is non-navigable, and that therefore Best has, as against the state, good title to the shore land bordering his upland.

Contention is made in behalf of the state that Best should be held to be estopped from claiming title to the shore land as against the state, because he entered into a contract of purchase of the shore land from the state. We do not have the contract before us, so we are not advised as to its terms. We do not know even that the contract, in terms, gave to Best the right of possession of the shore land prior to full payment of the purchase price by him, which he apparently was to make in periodical installments extending over a number of years. He has paid only the first installment of that contract purchase price. Possibly, we might presume that he is in possession of the shore land described in his contract of purchase; but, possibly, we might also presume that he was in possession of the shore land prior to his contract of purchase thereof from the state, since it appears that he has owned, and actually possessed and used, the upland since some years prior to his contract of pur-

chase of the shore land from the state. Upon receiving the contract from the state, he at that time protested to the state commissioner of public lands that Pine lake was a non-navigable lake, and that therefore the state had no title to its shore lands, asserting that he entered into the contract to prevent sale of the shore land to others, and thus further clouding his title, and asserting his intention to institute court proceedings to quiet his title to the shore land. This action was commenced soon thereafter. We think the applicable law is well stated in the text of 10 R. C. L. 787, as follows:

"The view prevails that the purchaser, although not strictly a tenant of the vendor, is estopped from denying the title of the vendor, on principle and reasoning like that which estops the tenant from disputing the title of the landlord. It is not the contract alone which estops the purchaser, but, as has been stated, the estoppel arises from the purchaser's having obtained the possession of the land on the faith of the contract. Accordingly, where, at the time of the purchase, the purchaser is in possession of the land, and his original entry was not under the vendor, no estoppel arises."

We are of the opinion that the facts of this case would not warrant a holding that Best is estopped to assert his title to the shore land, as against the state, though he entered into the contract of purchase with the state.

The judgment of the superior court is affirmed.

MAIN, MILLARD, TOLMAN, and FRENCH, JJ., concur.