[No. 23474. Department Two. March 24, 1932.]

J. H. SNIVELY et al., Respondents, v. THE STATE OF WASHINGTON, Appellant.[1]

[1]Reported in 9 P. (2d) 773.

*The Attorney General* and *J. T. Trullinger,* for appellant.

*Donald R. Fraser* and *Green & Burnett,* for respondents.

MILLARD, J.—Plaintiffs brought this action to quiet their title to certain shore lands on Angle lake, in King county, and to have the lake adjudged a non-navigable body of water. The court entered its decree quieting plaintiffs' title to the lands abutting on the lake. The lake was adjudged non-navigable, and the abutting owners were adjudged owners of the bed of the lake. The state appealed.

The state contends first, that Angle lake is a navigable body of water; and second, assuming the lake is non-navigable, the state acquired title to the bed of the lake through adverse user.

Respondents are owners of lands abutting on Angle lake, which is a meandered body of water. The lake lies in a direct line between the south end of lake Washington, in King county, and the harbor of the city of Tacoma, and is located approximately half-way between those two bodies of water. Angle lake, which has the form of an angle, has a total area of one hundred and nineteen acres. It is approximately one mile long, about one-fourth of a mile wide and of depths varying from ten to forty-five feet.

The lake is fed by subterranean springs and surface drainage, and has no visible inlet or outlet. It lies on a logged-off ridge three hundred feet above the general elevation of the surrounding country. No public highways or public grounds lead to or from the lake. All of the surrounding land is privately owned. There is no access to the lake except over private property. About one-eighth of a mile therefrom, a county road encircles the lake. This enables the owners of the lake

property to go to and from their lands by motor car. The lake can never be used for marketing commodities. There are no stores, sawmills or other industries operating on the lake. Most of the land abutting on the lake has been divided into small tracts and used for summer and permanent homes.

There are two summer resorts on the lake. The one located on the western end of the lake has a water frontage of six hundred feet, and has been continuously operated as a pleasure resort the past thirteen years. It has accommodations for swimming, fishing and camping, and operates and rents a number of rowboats and canoes. There is an official stage "stop" sign on the Pacific highway at the entrance to this summer resort. The lake property owners and their friends use the site and the dock of the pleasure resort in going to and from the homes on the lake when they go to the lake or therefrom by way of the auto stage route. The other, and smaller, pleasure resort is located a few hundred feet south of the resort just described. Most of the sixty rowboats and seven outboard motor boats on the lake are operated by the owners of the lands abutting on the lake.

Counsel for the state argue that the size and location of Angle lake and its capacity for use as an emergency landing field or base for seaplane operation places the lake in the class of navigable lakes.

It does not appear that there can ever be any possibility of the lake being used as a public highway. It has never been used for commercial purposes, and by virtue of its small area and natural surroundings, we can see no reason why there will ever be any commercial transportation upon the lake. It is now, as it probably ever will be, a place for small homes and a resort for fishermen, campers and pleasure seekers.

■ The facts bring the case at bar within the rule followed in *Best v. State,* 153 Wash. 168, 279 Pac. 388, where we held Pine lake was non-navigable. The nearest to commercial use to which Pine lake was devoted, was the renting of boats for pleasure. The lake was upon a ridge four hundred and fifty feet above the general level of the surrounding country. The lake was seven-eighths of a mile long and one-fourth of a mile wide. Angle lake is upon a ridge three hundred feet above the general level of the surrounding country. The lake is one-eighth of a mile longer than Pine lake, but of the same width. Angle lake is chiefly valuable as a resort for fishermen and pleasure seekers.

The fact that Angle lake was meandered does not make that body of water navigable. *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114. The lake is not so located that it is in the course of travel and could possibly be used as a portion of a public highway. Navigability imports, as respondents contend, travel, trade, commerce and transportation upon the water as a highway. The fact that there is sufficient water to float a commercial boat is not enough. As said in *Proctor v. Sim, supra:*

"Navigability is always a question of fact. Whether a body of water is navigable in the true sense of the word depends, among other things, upon its size, depth, location and connection with, or proximity to, other navigable waters. It is not navigable simply because it is floatable for logs or other timber products, or because there is sufficient depth of water to float a boat of commercial size. A lake which is chiefly valuable for fishing or for pleasure boats of small size is ordinarily not navigable. In order to be navigable it must be capable of being used to a reasonable extent in the carrying on of commerce in the usual manner by water. 'Navigability in fact is, in the United States, the test of navigability in law; and whether a river is navigable in fact is to be determined by inquiry

whether it is used, or is susceptible for use, in its natural and ordinary condition, as a highway for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.' *Oklahoma v. Texas,* 258 U. S. 574, 66 L. Ed. 771. 'Navigable waters mentioned in § 1 of article 17, of our state constitution include only such waters as are navigable for general commercial purposes.' *Watkins v. Dorris,* 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199; *Harrison v. Fite,* 148 Fed. 781. To be navigable a lake must be so situated and have such length and capacity as will enable it to accommodate the public generally as a means of transportation.''

Angle lake is non-navigable. It is not used, nor is it susceptible for use, in its natural and ordinary condition, as a highway for commerce. That a seaplane equipped with pontoons could safely land on and take off from Angle lake, is not determinative of the question whether the lake is navigable. Such lone use of the lake would not be a use of the lake in its natural and ordinary condition as a highway for commerce over which trade and travel are, or may be, conducted in the customary modes of trade and travel on water. *Proctor v. Sim, supra.*

█ Under the assumption that all inland lakes are navigable bodies of water, the state sells the shore lands thereof. That the state so assumed and acted with reference to Angle lake, did not determine whether the lake was or was not navigable. Navigability is a judicial question, the determination of which concludes the rights of the parties to the bed of the lake. By purchasing the shore lands from the state, the respondents did not admit that the lake was navigable. They were not estopped by such purchase to deny the title of the state to the bed of the lake. We held in *Best v. State,* 153 Wash. 168, 279 Pac. 388, that the plaintiff was not estopped to claim title to shore

lands as against the state, where he had entered into a contract to purchase the shore lands. That was an action by Best to quiet his title as an upland owner as against the claim of the state to shore lands. We said:

"It is conceded that whether the title to the shore lands of the lake is in the state or in the respective upland owners, depends upon whether or not the lake is navigable; that is, if the lake is navigable, the shore lands bordering thereon belong to the state, while if the lake is not navigable, the shore lands bordering thereon belong to the respective upland owners."

The state cannot hold the bed of the lake by adverse possession merely because it sold the shore lands. The state's possession was, at most, rather vague. There was no actual possession of the bed of the lake by the state, and without such occupancy the law assumes the possession to be in the holder of the legal title to the shore lands. To be adverse, the state's possession should have been clear, distinct and unequivocal. The rights of the lawful owners (the shore land owners) can not be affected by their neglect to assert their title, unless the property is actually occupied by the adverse claimant. Such possession as the state had of the bed of the lake was the result of the state's assumption that Angle lake was navigable.

The trial court correctly held that the state could not hold "the bed of the lake by adverse possession simply because it has sold the shore lands." The fact that the state wrongfully sold shore lands of a lake could not affect the question of the ownership of the bed of such lake.

The state's asserted possession of the bed of Angle lake amounted to no more than a mere declaration and an intent to hold adversely. That asserted possession was in no sense hostile. Mere declarations are not

sufficient. The mere intent to hold adversely is of no consequence. 1 R. C. L., 704, § 16.

The judgment is affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.

