[No. 25340. *En Banc.* October 7, 1935.]

LEEVAN SMITH, *Respondent,* v. THE STATE OF
WASHINGTON, *Appellant.*[1]

*The Attorney General* and *George Downer, Assistant,* for appellant.

*George E. Mathieu,* for respondent.

MITCHELL, J.—This action involves the character of the water, whether navigable or non-navigable, in Cow lake, sometimes called Lake Meridian. The lake is meandered. Upon testimony taken in open court, together with a view of the premises by the trial judge, the lake was found and adjudged to be non-navigable. The state has appealed.

The sole question in the case relates to the navigability of the water. "Navigability is always a question of fact." *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114. The lake is small, being spoken of in the court's findings as a "pond or lake being about a mile long and about a third of a mile wide. That the lake has no visible inlet and no natural outlet."

Soundings taken show depths of water from near nothing to the length of an oar, and, at other places reasonably near the center of the lake, seventy or

[1]Reported in 50 P. (2d) 32.

eighty feet. Much of the shore line consists of swamp lands, with vegetation extending out forty or fifty feet into the water. The land surrounding the lake is logged off and divided into small ownerships, some for summer homes and others for permanent homes. Several of the owners have small speed or outboard motor boats, and others have, altogether, twenty-five or thirty rowboats, all of which are operated for pleasure. Three of the front lots are spoken of as summer resorts. There is no commerce on the lake, no transportation of passengers or freight for hire.

For all practical purposes, as we view all the evidence, taken in connection with the trial court's view of the premises and the findings made and entered by it, the character of the lake, its situation and surroundings are identical with the conditions and surroundings of Angle lake, which, in *Snively v. State*, 167 Wash. 385, 9 P. (2d) 773, was held to be non-navigable.

The state practically admits this to be so, but contends, and asks us to hold, that the principle upon which that case was decided is unsound—such principle being stated in language quoted from *Proctor v. Sim*, 134 Wash. 606, 236 Pac. 114, as follows:

"Navigability is always a question of fact. Whether a body of water is navigable in the true sense of the word depends, among other things, upon its size, depth, location and connection with, or proximity to, other navigable waters. It is not navigable simply because it is floatable for logs or other timber products, or because there is sufficient depth of water to float a boat of commercial size. A lake which is chiefly valuable for fishing or for pleasure boats of small size is ordinarily not navigable. In order to be navigable it must be capable of being used to a reasonable extent in the carrying on of commerce in the usual manner by water. 'Navigability in fact is, in the United States, the test of navigability in law; and whether a river is navigable in fact is to be determined by inquiry

whether it is used, or is susceptible for use, in its natural and ordinary condition, as a highway for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.' *Oklahoma v. Texas,* 258 U. S. 574, 66 L. Ed. 771. 'Navigable waters mentioned in § 1, of article 17, of our state constitution include only such waters as are navigable for general commercial purposes.' *Watkins v. Dorris,* 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199; *Harrison v. Fite,* 148 Fed. 781. To be navigable a lake must be so situated and have such length and capacity as will enable it to accommodate the public generally as a means of transportation. *Griffith v. Holman,* 23 Wash. 347, 63 Pac. 239, 83 Am. St. 821, 54 L. R. A. 178.''

In the nature of things, a rule of invariable application, like a straight edge, cannot be provided in these cases. We are satisfied in this respect with the holding in *Snively v. State, supra,* which approves, and is bottomed on, the *En Banc* decision in *Proctor v. Sim, supra,* and which may be spoken of as the Federal rule. We are not disposed to change or discredit that rule. It controls this case.

The judgment is affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.

BLAKE, J. (dissenting)—The decision in this case is supported by the authorities cited in the opinion. It is, therefore, not without much hesitation that I register a dissent. The question involved, however, is of such grave public importance that I am not only impelled to register a dissent, but to state at some length my reasons therefor.

Cow lake is a meandered body of water, almost entirely situated in section 27, township 22 N., R. 5, E. W. M., in King county. The respondent is the owner of a portion of lot 10, which is bounded on the

southwesterly side by the meander line of the lake. In 1924, she entered into a contract with the state to purchase the shorelands and lake bed contiguous to her property. She had paid $160.65 on the contract, when, conceiving the lake to be non-navigable, she brought this action to recover the amount so paid and to quiet title in the shorelands and lake bed adjacent to the portion of lot 10 owned by her.

The sole question presented is whether the lake is navigable or non-navigable. If it is navigable, the lands in question belong to the state. State constitution, Art. XVII, § 1.

The lake is approximately a mile and a half long. In width, it varies from a quarter to a half mile. In area, it covers about two hundred acres. Soundings taken along the approximate medial line of the lake for a distance of about a mile and a quarter showed depths ranging from fourteen feet to eighty feet. At a point fifty feet offshore opposite lot 10, the depth of water is twenty-six feet.

The land surrounding the lake is logged off. Receding from the lake, the land rises to an elevation of from one hundred to two hundred feet. The land surrounding the lake is divided into small ownerships— small agricultural tracts and homes. Six or eight of the owners have speed, or outboard motor, boats. There are also twenty-five or thirty rowboats on the lake, owned and operated by the residents, three of whom operate summer resorts.

For all practical purposes, the situation around Cow lake is identical with the conditions surrounding Angle lake, which this court, in *Snively v. State,* 167 Wash. 385, 9 P. (2d) 773, held to be non-navigable. There is, however, a material difference in the size of the two lakes. Angle lake has an area of about one hundred

twenty acres. It is a mile long and a quarter mile wide, and has a depth of from ten to forty-five feet.

Respondent contends that, notwithstanding the difference in size of the two lakes, the case of *Snively v. State, supra,* is decisive of this case. Appellant practically admits this to be so, but contends that the principle upon which that case was decided is unsound; such principle being stated in the following language quoted in that case from the case of *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114:

"Navigability is always a question of fact. Whether a body of water is navigable in the true sense of the word depends, among other things, upon its size, depth, location and connection with, or proximity to, other navigable waters. It is not navigable simply because it is floatable for logs or other timber products, or because there is sufficient depth of water to float a boat of commercial size. A lake which is chiefly valuable for fishing or for pleasure boats of small size is ordinarily not navigable. In order to be navigable it must be capable of being used to a reasonable extent in the carrying on of commerce in the usual manner by water. 'Navigability in fact is, in the United States, the test of navigability in law; and whether a river is navigable in fact is to be determined by inquiry whether it is used, or is susceptible for use, in its natural and ordinary condition, as a highway for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.' *Oklahoma v. Texas,* 258 U. S. 574, 66 L. Ed. 771. 'Navigable waters mentioned in section 1, of article 17, of our state constitution include only such waters as are navigable for general commercial purposes.' *Watkins v. Dorris,* 24 Wash. 636, 64 Pac. 840, 54 L. R. A. 199; *Harrison v. Fite,* 148 Fed. 781. To be navigable a lake must be so situated and have such length and capacity as will enable it to accommodate the public generally as a means of transportation."

This language was first used in *Proctor v. Sim,* 134 Wash. 606, 236 Pac. 114. As applied in *Snively v.*

*State,* the consequence of it is this, that any body of water which is not presently adaptable as a highway of commerce is non-navigable, regardless of its size or depth. This is also the effect of the holding in the intermediate case of *Best v. State,* 153 Wash. 168, 279 Pac. 388. I think the instant case presents a challenge to the application of the principle announced in *Proctor v. Sim, supra,* and not only calls for an analysis of the authorities cited therein, but also calls for an examination of certain of our prior cases which are in apparent conflict with it.

To begin with, it is to be noted that, in *Proctor v. Sim,* and, with one exception, in all cases prior to that decision, the question of navigability or non-navigability of bodies of water was determined in litigation between private parties who were claiming rights adverse to each other in the use of the waters. In other words, the title of the state to the bed of the lake was not in question. *Madson v. Spokane Valley L. & W. Co.,* 40 Wash. 414, 82 Pac. 718, 6 L. R. A. (N. S.) 257; *Kalez v. Spokane Valley L. & W. Co.,* 42 Wash. 43, 84 Pac. 395; *Ortel v. Stone,* 119 Wash. 500, 205 Pac. 1055; *Lant v. Wolverton,* 122 Wash. 62, 210 Pac. 1.

The lakes under consideration in these cases ranged in area from forty acres up to something over two hundred acres. In depth, they ranged from ten to thirty feet. Only one had a greater area than Cow lake, and none approached it in depth. They were all held to be navigable. All, or nearly all, of these cases recognize the doctrine of "commercial navigability" as the test by which the navigability or non-navigability of the body of water should be determined. But, in application, the test was made to rest upon the depth of the water. If the water was of sufficient depth for commercial navigation, the lake was held to be navigable, even though it was an isolated body of

water. Pacific lake, under consideration in *Lant v. Wolverton, supra,* is typical, and the situation is as nearly identical as may be with that with which we are here confronted. In that case, the court said:

"It is argued, however, that since the lake has at no time been used for any purpose other than that of pleasure craft and fishing, and in all probability will never be used in a commercial way, it should be held not to be navigable. The test, however, is not whether it has been used for commerce in the past, but whether it is capable of such use. If it has such capacity, it cannot be assumed that it will not sometime be used for that purpose, because only time will tell what its future use will be."

That floatability or depth of water was the test of navigability established in these cases is apparent from an examination of *Neterer v. State,* 98 Wash. 635, 168 Pac. 170. Lake Terrell, in Whatcom county, was under consideration in that case. That is the first case in which the state's title to the bed of a lake was challenged in this court. Originally, the lake had an area of four hundred acres. At the time of the litigation, its area was two hundred seventy-five acres, and its average depth in summer was about one and four-tenths feet. Applying the test of floatability, the court held the lake to be non-navigable.

Not until *Proctor v. Sim, supra,* was this test questioned or departed from. In that case, Duck lake, having an area of twenty-five acres, and having a depth of forty to sixty feet, was held to be non-navigable. The test of navigability was stated as quoted in *Snively v. State, supra.* But it is apparent, we think, that the holding as to non-navigability turned upon the question of the size and depth of the lake, rather than upon its inadaptability as a highway for a commercial navigation. For the court, in comparing it with Davis

lake (see *Ortel v. Stone, supra*), which was somewhat larger, said:

"We are now of the opinion that we went to the extreme length in holding Davis lake to be navigable, and we now wish to restrict rather than to extend the doctrine of that case, thereby conforming to the Federal rule. We hold that Duck lake is not navigable."

But if the court then intended to adopt the commercial waterway test as the sole test by which navigability of lakes is to be determined, the authorities cited in support of the doctrine do not support it. *Oklahoma v. Texas,* 258 U. S. 574, 42 S. Ct. 406; *Harrison v. Fite,* 148 Fed. 781; *Griffith v. Holman,* 23 Wash. 347, 63 Pac. 239, 83 Am. St. Rep. 821, 54 L. R. A. 178; *Watkins v. Dorris,* 24 Wash. 636, 64 Pac. 840.

While in all these cases the test of navigability is stated in substantially the same language as in the *Proctor* case, in applying it they hold to the test of floatability. In *Oklahoma v. Texas, supra,* the Red river, in certain of its reaches, was held to be non-navigable. Among other findings upon which the holding was rested, were the following:

"In places the channel is 1,000 feet wide, and has a depth of only about one-third of a foot. At other places, notably in the bends, it narrows down to a width of thirty feet with an increased depth.

"The examination of the river was made from a flat bottom bateau drawing 5½ inches when loaded. There was not a single day during the field examination upon which it was not necessary to remove part of the load and drag the boat over sand bars from 300 to 1,000 feet in length. On some days this would occur very often.

"The field work of examination was performed during the period from November 21 to December 19, 1910. During this period the river gauge at Denison, 11 miles below the mouth of the Washita River, ranged between zero and 1 foot. In reference to the gauge

readings at the bridge near Denison, it might be well to state that there were only 42 days during the year 1910 on which this gauge read 2 feet or over, and only 81 days on which it read as much as 1 foot or over.''

In other words, the test of navigability, as applied by the supreme court of the United States, is not whether the stream or body of water is *used* as a highway for commerce, but whether it is of volume and depth sufficient to be *adaptable* for such use. That court's latest pronouncement on the subject makes this clear. *United States v. Oregon,* 295 U. S. 1, 55 Sup. Ct. 610. In that case, the navigability of Lake Malheur and Harney lake was in issue. Practically the whole discussion of this issue relates to the *depth of water—floatability—capacity for navigation.* The court, after reviewing the evidence in great detail, sums up the situation as follows:

''The evidence, taken as a whole, clearly establishes the flat topography of the disputed area, the shallow water without defined banks, ice bound from three to four months of the year, the separation of areas covered by water of sufficient depth to float boats, the presence of tules and other forms of water vegetation, a dry season every year, and frequent dry years during which Mud and Harney Lakes are almost entirely without water, and Lake Malheur is reduced to a relatively few acres of disconnected ponds surrounded by mud. *These conditions preclude the use for navigation of the area in question, in its natural and ordinary condition, according to the customary modes of trade or travel over water, and establish an absence of that capacity for general and common usefulness for purposes of trade and commerce which is essential to navigability.* See *United States v. Rio Grande Dam & Irrig. Co., supra* (174 U. S. 690, 43 L. ed. 1139, 19 S. Ct. 770).'' (Italics mine.)

In *Watkins v. Dorris, supra,* this court held a stream, eighteen miles long, having an average width of one hundred feet and an average depth of three

feet, to be non-navigable. In *Griffith v. Holman, supra,* a similar holding was made with respect to the Little Spokane river, which had an average width of forty feet and an average depth of four feet. The body of water under consideration in *Harrison v. Fite, supra,* (except that it was of greater area) was identical in almost every other respect with Lake Terrell.

I find nothing in these cases to justify a holding that navigability is to be determined upon a present adaptability of a body of water as a highway for commerce. Yet that is the interpretation placed upon the decision of *Proctor v. Sim, supra,* as applied in *Best v. State, supra,* and *Snively v. State, supra.*

The court has now come to the point where it must accept this doctrine with all its implications, or repudiate, or limit it. The consequence of accepting it is apparent from a comparison of the bodies of water to which it has been applied: Duck lake *(Proctor v. Sim, supra),* a quarter of a mile long, one-fifth of a mile wide, with a depth of forty to fifty feet; Pine lake *(Best v. State, supra),* seven-eighths of a mile long, from an eighth to a quarter mile wide, and of a depth "sufficient to float vessels of a commercial size;" Angle lake *(Snively v. State, supra),* a mile long, a quarter of a mile wide, and having a depth of from ten to forty feet. Now, we are asked to apply the test to Cow lake, which is a mile and a half long, a half mile wide, and has a depth of from fourteen to eighty feet.

From a standpoint of pure logic, it is difficult to avoid the step the court is taking in this case. But where is the end to be? Applied logically, the test, as adopted in the *Proctor* case, and applied in the *Best, Snively* and instant cases, would require the court to hold any body of water, whatever its size or depth, to be non-navigable, if it seems, at present, to have spent

its usefulness as a highway for commerce. Such a position, as pointed out in the quotation from *Lant v. Wolverton, supra,* does not rest in sound public policy. The true test of the navigability of a body of water is its capacity for use as a commercial highway—not its present adaptability to that use.

One of the great assets of this state is its lakes. In the past, many, if not most, of them, have been used as highways of commerce—at least for the floating of timber products. While the land around many of them is logged off, their capacity for navigation has not been diminished. What the future holds we cannot foresee. Forests may grow again. The capacity of these lakes for navigation may again be adaptable for commercial use. Their beds and shorelands were of such value, in the estimation of the men who framed the constitution, that they were reserved as a heritage for the people. They constitute an asset of inestimable value. They belong to the state. To hold that Cow lake is navigable, would not deprive respondent of any property which belongs to her, or for which she has paid anything. To so hold, would merely preserve to the state that which belongs to it.

I think the judgment should be reversed.

BEALS, STEINERT, and GERAGHTY, JJ., concur with BLAKE, J.